1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SONIA DUNN-RUIZ,

              Plaintiff,

       v.

VOLKSWAGEN GROUP OF AMERICA, INC.,

              Defendant.

Case No. 19-cv-08121-PJH

**ORDER GRANTING MOTION TO REMAND AND VACATING HEARING**

Re: Dkt. No. 13

Before the court is plaintiff Dunn-Ruiz's motion to remand. The matter is fully briefed and suitable for decision without oral argument. Accordingly, the hearing set for February 12, 2020 is VACATED. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby rules as follows.

**DISCUSSION**

**A.     Legal Standard**

Removal jurisdiction is based entirely on federal statutory authority. See 28 U.S.C. §§ 1441–55. A defendant may remove "any civil action brought in a State court of which the district courts . . . have original jurisdiction[.]" 28 U.S.C. § 1441(a). A federal district court has original jurisdiction over all civil actions where the amount in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a)(1) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States"). "The amount in controversy includes claims for

United States District Court
Northern District of California

1   general and special damages (excluding costs and interests), including attorneys fees, if

2   recoverable by statute or contract, and punitive damages, if recoverable as a matter of

3   law." Conrad Assocs. v. Hartford Acc. & Indem. Co., 994 F. Supp. 1196, 1198 (N.D. Cal.

4   1998).

5   "To remove a case from a state court to a federal court, a defendant must file in

6   the federal forum a notice of removal 'containing a short and plain statement of the

7   grounds for removal.' When removal is based on diversity of citizenship, an amount-in-

8   controversy requirement must be met. . . . If the plaintiff's complaint, filed in state court,

9   demands monetary relief of a stated sum, that sum, if asserted in good faith, is 'deemed

10  to be the amount in controversy.' When the plaintiff's complaint does not state the

11  amount in controversy, the defendant's notice of removal may do so." Dart Cherokee

12  Basin Operating Co., LLC v. Owens, 574 U.S. 81, 83–84 (2014) (quoting 28 U.S.C.

13  § 1446(a) & (c)(2)) (citing § 1446(c)(2)(A)).

14  "[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-

15  controversy allegation should be accepted when not contested by the plaintiff or

16  questioned by the court." Id. at 87. "If the plaintiff contests the defendant's allegation,

17  § 1446(c)(2)(B) instructs: 'Removal . . . is proper on the basis of an amount in

18  controversy asserted' by the defendant 'if the district court finds, by the preponderance of

19  the evidence, that the amount in controversy exceeds' the jurisdictional threshold." Id. at

20  88. "[W]hen a defendant's assertion of the amount in controversy is challenged[,] . . .

21  both sides submit proof and the court decides, by a preponderance of the evidence,

22  whether the amount-in-controversy requirement has been satisfied." Id.

23  Once confronted with a motion to remand, the defendant bears the burden of

24  establishing jurisdiction by a preponderance of the evidence. Ibarra v. Manheim

25  Investments, Inc., 775 F.3d 1193, 1199 (9th Cir. 2015) ("[T]he removing defendant, has

26  the burden of proof on this. Under the preponderance of the evidence standard, if the

27  evidence submitted by both sides is balanced, in equipoise, the scales tip against federal-

28  court jurisdiction.") (citation omitted); Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195

2

1  (9th Cir. 1988) ("The burden of establishing federal jurisdiction is upon the party seeking

2  removal, and the removal statute is strictly construed against removal jurisdiction.")

3  (citations omitted).  "The 'strong presumption' against removal jurisdiction means that the

4  defendant always has the burden of establishing that removal is proper."  Gaus v. Miles,

5  Inc., 980 F.2d 564, 566 (9th Cir. 1992).

6  　　　　Both "parties may submit evidence outside the complaint, including affidavits or

7  declarations, or other summary-judgment-type evidence relevant to the amount in

8  controversy at the time of removal."  Ibarra, 775 F.3d at 1197 (internal quotation marks

9  omitted); see also Kroske v. U.S. Bank Corp., 432 F.3d 976, 980 (9th Cir. 2005).

10  Defendants cannot rely simply upon "conclusory allegations."  Singer v. State Farm Mut.

11  Auto. Ins. Co., 116 F.3d 373, 377 (9th Cir. 1997).  "As with other important areas of our

12  law, evidence may be direct or circumstantial."  Ibarra, 775 F.3d at 1199.

13  　　　　If a defendant has improperly removed a case over which the federal court lacks

14  diversity jurisdiction, the federal court must remand the case to state court.  See 28

15  U.S.C. § 1447(c).

16  **B.　　Analysis**

17  　　　　Plaintiff argues that the complaint states a claim for breach of warranty for a single

18  vehicle, the value of which is below $75,000—a 2016 Audi A7 diesel.  She argues that

19  she seeks "actual damages" limited to $25,000, additional damages for pain and suffering

20  limited to $25,000, and an unspecified quantity of punitive damages.  Separate from the

21  complaint, plaintiff has "reserve[d] the right to seek punitive damages in the amount of

22  $24,999.00" in a default judgment proceeding.  See Dkt. 1-5.  Moreover, plaintiff states in

23  her motion that she would not seek any damages that would exceed "the $75,000

24  threshold."  Mot., Dkt. 13 at 3 ("The value of this action is well below $75,000 *in total*.

25  Moreover, by way of this additional notification, Plaintiff commits to damages, in total, not

26  to [exceed] $75,000.").

27  　　　　Defendant argues that California prohibits a plaintiff in a personal injury suit from

28  specifying the amount of damages being sought (California Code of Civil Procedure,

3

1   § 425.10(b)), such that plaintiff could not in her complaint set forth the amount of

2   damages she is seeking.  However, her complaint did specify that she is seeking

3   damages for personal injuries, intentional tort, product liability, fraud, and breach of the

4   covenant of good faith and fair dealing.  Suits prevailing on similar legal theories have

5   resulted in damages awards exceeding $75,000.  See Winterman Decl., Dkt. 15; RJN,

6   Dkt. 16.

7           Defendant argues that, as a matter of California law, plaintiff's separate statement

8   of reservation regarding punitive damages (Dkt. 1-5) is not binding.  See Cal. Civ. Proc.

9   Code § 425.115(c) ("If the plaintiff seeks punitive damages pursuant to Section 3294 of

10  the Civil Code, and if the defendant appears in the action, the plaintiff shall not be limited

11  to the amount set forth in the statement served on the defendant pursuant to this

12  section.").

13          Plaintiff responds that, because she paid $57,000 for the used automobile at issue

14  in this action, "Defendant's allegation that the case value can reach above $75,000 is

15  incorrect due to impossibility."  Reply, Dkt. 17 at 1.  She also argues that, because this is

16  a "recall issue, it is quite certain the value of this case shall not reach $75,000."  Id. at 2.

17  Finally, she argues that, given that the nature of the case is "small" (or perhaps, a

18  "smell"), the total recovery for the suit "would not reasonably be expected to" exceed

19  $75,000.  Id.  Plaintiff also speculates that she may not prevail on the punitive damages

20  question.

21          The initial pleading does not specify the quantity of damages the court can "deem[]

22  to be the amount in controversy," (28 U.S.C. § 1446(c)(2)), other than indicating that the

23  case is an unlimited civil case, where the amount demanded "exceeds $25,000."  Compl.,

24  Dkt. 1-2 at 1.  Accordingly, defendant now bears the burden of demonstrating the amount

25  in controversy, and it "must support [its] allegations by competent proof"—not mere

26  allegation.  Hertz Corp. v. Friend, 559 U.S. 77, 96–97 (2010).

27          Defendant first points to plaintiff's "statement of damages" indicating the she seeks

28  $25,000 in costs for repairing her vehicle and $25,000 in damages for pain and suffering.

4

1  Dkt. 1-4. This satisfies defendant's burden to show, by a preponderance, that at least

2  $50,000 is at stake in the litigation. Additionally, the parties agree that plaintiff "reserve[d]

3  the right" to seek $24,999 in punitive damages in the event of default judgment. Dkt. 1-4.

4  But that reservation of rights—which is unlikely to be applicable given defendant's active

5  litigation efforts—is not particularly relevant in evaluating the amount in controversy. That

6  declaration is not a statement of the quantity of damages that plaintiff will seek; rather, it

7  is a reservation of rights merely in the event of default, as outlined by California Code of

8  Civil Procedure § 425.115. Defendant is correct in arguing that the reservation "is of no

9  force and effect in terms of limiting the amount of damages that can be awarded." Opp.,

10  Dkt. 14 at 4. It is also not particularly strong evidence that $24,999 of punitive damages

11  is actually in controversy.

12  Defendant makes a single additional argument. It argues that it has found

13  summaries of proceedings in two other cases about odors in cars which have resulted in

14  judgments exceeding $75,000.[1] The court is not surprised to learn that defense counsel

15  was able to identify descriptions of two actions alleging violations of the Song-Beverly

16  Consumer Warranty Act that resulted in judgements exceeding $75,000.[2] That is where

17  defendant's analysis begins and ends—"there are California state court automotive

18  lemon law verdicts reported in LEXIS involving allegations of unusual odors/smells in

19  vehicles," and two have resulted in verdicts over $75,000. Defense counsel makes no

20  attempt to argue that this action is analogous in any relevant way to those two cherry-

21

22  [1] Defendant's request for judicial notice claims to attach "[t]he verdict rendered" in two
actions, although no verdict forms, docket entries, or other materials from any court
23  proceeding are attached. Dkt. 16 at 1 ¶¶ 1–2. Rather, the defendant attaches two
summary descriptions of proceedings from a website called "verdictsearch.com"
24  apparently sourced through LexisNexis. Plaintiff has not challenged these materials, and
the court has considered them.

25  [2] The court also notes that defendant describes the Hounslow action as resulting in a
26  $149,439 verdict (Opp. at 3), although defendant fails to note that "[a]s part of the verdict,
the Hounslows returned the vehicle," which was originally purchased for $143,998. See
27  Dkt. 16-2 at 4–5. That said, it appears that the $149,439 figure does not include the
approximately $100,000 in attorneys' fees granted to the Hounslows. See id.
28  Defendant's briefing does not address these points at all, and the summary descriptions
defendant has filed with the court are not entirely clear on these points.

5

United States District Court
Northern District of California

1   picked cases, other than to argue that each concerns a smell in the plaintiff's car.

2   Defendant does not explain, for example, that the Hounslow case awarded total

3   damages within $6,000 of the purchase price of the car. See Dkt. 16-2 at 4–5. Nor does

4   defendant explain that the Doppes case awarded $215,400 in breach of warranty

5   damages for a car purchased for $192,000—about 12% more than the purchase price of

6   the car. If analogized to this action, the Doppes verdict would suggest that this action

7   has an amount in controversy under $64,000. Nor does plaintiff make any attempt to

8   explain why the $100,000 in damages awarded for general personal injury damages in

9   Doppes (separate from the breach of warranty claim) is analogous in any respect to this

10  case. See MIC Philberts Investments v. Am. Cas. Co. of Reading, Pa., No. 1:12-CV-

11  0131 AWI-BAM, 2012 WL 2118239, at *6 (E.D. Cal. June 11, 2012) (defendant "made no

12  effort to compare the facts of those cases with the alleged facts of this case.").

13  But even if this guesswork about Doppes and Hounslow suggested that the

14  present action would concern damages totaling $75,000, the court would still be left to

15  wonder why it should expect this action to resemble those actions. Other than the fact

16  that each concerns a smell in a car, defendant has offered the court no reason to believe

17  that this case would resemble the two that it cites in terms of the quantum of damages

18  and fees.[3] In particular, defendant offers no discussion at all about the facts underlying

19  the requests for punitive damages in any of the three cases.

20  In short, defendant has done no more than rely on "conjecture, speculation, or star

21  gazing" to establish the requisite amount in controversy. Pretka v. Kolter City Plaza II,

22  Inc., 608 F.3d 744, 754 (11th Cir. 2010). "[I]t would be inherently speculative for this

23  Court to conclude that the amount in controversy requirement can be met by simply

24  asserting that large punitive damage awards have been awarded in the past against

25  insurance companies" for claims based on fouls smells in cars. See Conrad Assocs.,

26  994 F. Supp. at 1201 (quoting Haisch v. Allstate Insurance Co., 942 F. Supp. 1245, 1248

27

28
---
[3] Defendant has not made any argument with respect to attorneys' fees.

6

1  (D. Ariz. 1996)).  Defendant has not met its burden to show by a preponderance that the

2  amount in controversy exceeds $75,000 by simply pointing to two cherry-picked cases

3  where verdicts exceeded $75,000—one of which may not even have had such a

4  verdict—and making no attempt to explain whether or how those cases are analogous to

5  the present action, or why the court should otherwise consider them instructive as to the

6  amount in controversy.  "Defendant has also not provided a sound basis for this Court to

7  estimate a potential award of damages, and the Court will not speculate.  The evidence

8  offered by Defendant is too vague to establish subject matter jurisdiction."  MIC Philberts

9  Investments, 2012 WL 2118239, at *6; accord Conrad Assocs., 994 F. Supp. at 1201

10  ("Defendant's burden cannot be met simply by pointing out that the complaint seeks

11  punitive damages and that any damages awarded under such a claim could total a large

12  sum of money, particularly in light of the high burden that must be met in order for a

13  plaintiff even to be eligible for receipt of discretionary punitive damages.").

14  **CONCLUSION**

15  For the foregoing reasons, plaintiff's motion to remand is GRANTED and the court

16  REMANDS this action to the Contra Costa County Superior Court.  The hearing

17  scheduled for February 12, 2020 is VACATED.

18  **IT IS SO ORDERED.**

19  Dated: February 3, 2020

20  _/s/ Phyllis J. Hamilton_

21  PHYLLIS J. HAMILTON
United States District Judge

22

23

24

25

26

27

28